**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

ANTHONY DEJUAN CHAVEZ,           )
                                 )
        Plaintiff,               )
                                 )
    vs.                          )        Case No. 4:26-cv-00366-AGF
                                 )
SARAH BARKER, et al.,            )
                                 )
        Defendants.              )

**<u>MEMORANDUM AND ORDER</u>**

Self-represented Plaintiff Anthony DeJuan Chavez, also known as Anthony DeJuan Meyers,[1] brings this civil action under 28 U.S.C. § 1331, requesting eight (8) million dollars in compensation.  ECF No. 1.  This is one of many duplicative civil actions that Plaintiff has filed in courts across the country based on the same factual allegations.  As explained in detail below, venue is not proper in this Court and the interests of justice do not mandate transfer, so this action will be dismissed.  As such, Plaintiff's two pending motions to proceed without prepayment will be dismissed as moot.

**The Complaint**

Plaintiff's case-initiating document, titled "Complaint Pursuant to 28 USC 1331," is brought against judges Sarah Barker and Kenneth Foster, and federal probation officer Chris Dourgthy, for eight (8) million dollars in damages.  ECF No. 1 at 1-3, 12.  Plaintiff states that in the late 1990s, he plead guilty to a simple misdemeanor battery charge that included "nothing sexual at all."  *Id.* at 6.  Plaintiff alleges that years after that plea, Defendants "purposely,

---

[1] At some point in time, Plaintiff changed his last name from "Meyers" to "Chavez."  ECF No. 1 at 1 (stating that "Last name use[d] to be Meyers."); *see also Chavez v. Dourgthy*, No. 1:23-cv-01836-MPB-KMB, ECF No. 17 n.1 (S.D. Ind. issued Feb. 2, 2024) (noting Plaintiff's last name change).

intentionally and deliberately put [him] in the system as a sex offender." *Id.* at 7.  Plaintiff explains that "Judge Sarah Barker was appointed to judge on [his] lawsuit" and that Defendant Chris Dourgthy was his federal probation officer in 2009, when he was told that he had to register as a sex offender.  *Id.* at 7, 9.  According to Plaintiff, he has been registered as a sex offender since 2009 even though he has "no sex offender convictions."  *Id.* at 10.  Plaintiff asserts that this improper registration has defamed his character.  *Id.* at 12.

Plaintiff attached exhibits in support of his Complaint.[2]  ECF No. 1-1.  These exhibits include pages from an "Objection to Proposed Conditions of Supervised Release" filing submitted by Plaintiff's federal public defender to the United States District Court for the Northern District of Illinois in 2019.  *Id.* at 3-7 & 10-12 (citing *United States v. Meyers*, No. 1:12-cr-00006, ECF No. 112 (N.D. Ill issued Feb. 6, 2019)).  The filing objects to Plaintiff being required to register as a sex offender, stating that Plaintiff had never been convicted of a crime that requires sex offender registration, and that he has never registered in the past.  *Id.* at 3, 5, 10. According to an included letter from that federal defender, the Objection was successful and the requirement that Plaintiff register as a sex offender was vacated.  *Id.* at 8-9.  Plaintiff also attached paperwork concerning his 1996 plea for battery in the state of Indiana (*id.* at 13-17) and a short Order signed by Defendant Judge Sarah Barker, denying a change of venue in his closed case in the United States District Court of Indiana.  *Id.* at 1 (citing *Meyers v. Dourgthy*, No. 1:20-cv-01273-SEB-MPB, ECF No. 32 (S.D. Ind. issued Feb. 25, 2022)).

---

[2] The Court will treat these attachments as part of the pleadings. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes").

### Plaintiff's Background

Independent review of Plaintiff's background provides some clarification on the allegations of this suit.[3]  In 2008, Plaintiff pled guilty to mailing a threatening communication to a federal judge, in the Northern District of Illinois.  *United States v. Meyers*, No. 1:08-cr-00111, ECF No. 109 (N.D. Ill. Mar. 31, 2009).  After serving his federal sentence, Plaintiff violated the conditions of his supervised release and was sentenced to additional imprisonment by the Southern District of Indiana, after jurisdiction over his supervised release was transferred to that court.  *United States v. Meyers*, No. 1:09-cr-00076-SEB (S.D. Ind. filed May 13, 2009).  Magistrate Judge Kennard Foster (presumably Defendant Judge Kenneth Foster) was designated to conduct the initial hearings and issue a Report and Recommendation in the matter.  *Id.* at ECF Nos. 14, 18, 23, 26.  The United States Probation Office was represented by Chris Dougherty (presumably Defendant Chris Dourgthy) in the hearings.  *Id.* at ECF No. 14.  Judge Foster's Recommendation was later adopted by Defendant Judge Sarah Barker.  *Id.* at ECF No. 27-29.

A few years later, Plaintiff pled guilty a second time to mailing a threatening communication, and he was sentenced to seven (7) years imprisonment followed by three (3) years of supervised release.  *United States v. Meyers*, No. 1:12-cr-00006, ECF No. 68 (N.D. Ill. Jan. 11, 2013).  In 2019, Plaintiff was arrested on a bench warrant issued by the Northern District of Illinois court based on violations of his supervised release in the case.  *Id.* at ECF Nos. 104-07.  Soon after that arrest, Plaintiff's federal defender filed the "Objection" to the proposed conditions of supervised release, which Plaintiff attached as an exhibit to his Complaint.  *Id.* at ECF No. 112; *see also* ECF No. 1-1 at 3-12.

---

[3] The Court may take judicial notice of judicial opinions and public records.  *Stutzka v. McCarville*, 420 F.3d 757, 760 n. 2 (8th Cir. 2005).

Following his sentence on the release violations, in November 2019, Plaintiff was civilly committed under 18 U.S.C. § 4246[4] by the Western District of Missouri court.  *United States v. Meyers*, No. 6:19-cv-03202, ECF No. 14 (W.D. Mo. issued Nov. 7, 2019).  It appears that Plaintiff was conditionally released in February 2025.  *Id.* at ECF No. 71.  Plaintiff is currently living in a group home in Farmington, Missouri.  ECF No. 3 at 4-5.

**Discussion**

Pursuant to 28 U.S.C. § 1391(b), a civil action may be brought in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the Court's personal jurisdiction.

As to this civil action, Plaintiff has alleged no basis for venue being proper in this Court. Plaintiff makes no allegation of any act or omission occurring within the jurisdictional boundaries of this Court, nor does he allege that any defendant resides within this district.  None of the requirements of § 1391 are present in this case.  Accordingly, venue in the Eastern District of Missouri is not proper.

Although Plaintiff is currently living within the boundaries of this jurisdiction, the events forming the basis of his Complaint—the condition that he is required to register as a sex offender—allegedly occurred in Indiana.  All three (3) Defendants are associated with the United States District Court for the Southern District of Indiana and are presumably located in Indiana. As such, it appears that venue would be proper in the Southern District of Indiana.

---

[4] This statute provides for the hospitalization of a person due for release but suffering from a mental disease or defect.

- 4 -

Under 28 U.S.C. § 1406(a), when a case is filed in a district where venue is not proper, the District Court can either dismiss the action, or if it is in the interest of justice, the Court can transfer the case to any district or division in which it could have been brought.  In this case, the interests of justice do not mandate transfer.

These same allegations have already been considered by the Southern District of Indiana court.  *Meyers v. Dougherty*, No. 1:20-cv-1273 (S.D. Ind.) (transferred from the N.D. Ill. for lack of proper venue, *see Meyers v. Dourgthy*, No. 1:20-cv-02532, ECF No. 6 (N.D. Ill. issued Apr. 28, 2020)).  The Indiana court dismissed Plaintiff's case for lack of jurisdiction, in part because 28 U.S.C. § 1331 does not give federal courts jurisdiction over defamation suits.  *Id.* at ECF No. 20.

In addition, Plaintiff has filed duplicate cases in other federal courts across the country, alleging the same set of facts, which have all been dismissed.  *See Chavez v. Dourgthy*, No. 5:24-cv-02807, ECF No. 8 (N.D. Ca. issued July 29, 2024) (transferring Plaintiff's case to S.D. Ind. where it was dismissed for lack of jurisdiction, *see* No. 1:24-cv-01301, ECF No. 13 (S.D. Ind. issued Sept. 26, 2024)); *Chavez v. Dourgthy*, No. 6:23-cv-03224, ECF No. 8 (W.D. Mo. issued Oct. 3, 2023) (transferring Plaintiff's case to S.D. Ind. where it was dismissed based on judicial immunity and for failure to state a claim, *see* No. 1:23-cv-01836, ECF No. 17 (S.D. Ind. issued Feb. 2, 2024)); *Chavez v. Dougherty*, No. 3:22-cv-00178-FM, ECF No. 5 (W.D. Tex. issued May 20, 2022) (dismissing Plaintiff's case for improper venue).

Finally, although Plaintiff alleges that Defendants defamed his character by improperly requiring his placement on the sex offense registry since 2009, there is no evidence to support that either of the Judge Defendants required Plaintiff's registration on the sex offender registry, or that Plaintiff is in fact even on the registry.  As Plaintiff's own exhibits indicate, in 2019, a Court vacated any requirement for sex offender registry in Plaintiff's supervised release

conditions, and despite Plaintiff's assertion that he has been registered since 2009, his attorney's "Objection" indicates that he had not ever been on any sex offender registry. In addition, the Court notes that a recent search of the State of Missouri's Sex Offender Registry does not list Plaintiff as a registrant. For these additional reasons, it would be pointless to transfer this frivolous case.

### Conclusion

This Court is not the proper venue for this action. Furthermore, transfer of this action to the proper venue of the United States District Court for the Southern District of Indiana is not in the interests of justice because that Court has already addressed and dismissed Plaintiff's allegations. Because transfer would be futile, the Court will dismiss this action.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED for lack of proper venue**. *See* 28 U.S.C. §§ 1391, 1406(a).

**IT IS FURTHER ORDERED** that Plaintiff's two motions for leave to proceed *in forma pauperis* [ECF Nos. 2 & 3] are **DENIED as moot**.

An Order of Dismissal shall be filed with this Memorandum and Order.

Dated this 22nd day of July, 2026.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE